IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 14-cv-00271-RPM

RONALD ARTHUR GILBERT,

    Applicant,

v.

MORGAN COUNTY DISTRICT COURT (PROBATION DEPARTMENT) and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

_____

ORDER FOR DISMISSAL
_____

    In his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, Ronald Arthur Gilbert claims that his convictions by jury verdict of violation for unlawful sexual contact (at risk victim) and unlawful sexual contact and sentence to four-years sex offender intensive supervised probation should be vacated and set aside because (1) his constitutional right to due process of law under the Fifth Amendment and Fourteenth Amendment to the United States Constitution was violated by the Colorado Court of Appeals ex post facto judicial revision of C.R.S. 18-1-405 and (2) his constitutional right to present a defense and confront a prosecution witness was violated by the trial court's limitation on cross examination concerning prior sexual experience and prior criminal conduct.  A magistrate judge entered an Order to File Pre-Answer Response on February 4, 2014, limited to the issues of timeliness and exhaustion of state court remedies. [4].  The respondent filed the pre-answer response on March 21, 2014. [11].  In that response the respondents admit timeliness of the application and

asserted a failure to exhaust the claims other than the refusal to permit cross examination about alleged prior sexual experience of a prosecution witness.  The applicant filed his reply on April 10, 2014. [12].

This court has now reviewed the application on the merits and concludes that the applicant has failed to set forth a sufficient claim of constitutional error, requiring dismissal under Rule 4 of the Rules Governing Section 2254 Cases.

The ex post facto claim asserts that the Colorado Court of Appeals in the judgment affirming the convictions, April 11, 2013, Exhibit D to the application, revised the standards for granting a continuance under the Colorado Speedy Trial Act, C.R.S. § 18-1-405(6)(g) because the continuance was granted without evidence that the unavailable witness would be available if a continuance is granted.  The trial was continued for three and one-half months because of the court's acceptance of the prosecutor's statement that the witness was hospitalized for a diabetic coma.  The continuance was an extension of a statutory right to speedy trial and the extent of the continuance in this case is not a violation of the constitutional protection of speedy trial provided by the Sixth Amendment. The assertion that the Colorado Court of Appeals revised previous law concerning the state statute does not present a claim under the United States Constitution.

The limitations on cross examination of the witness both with regard to prior sexual experience and criminal conduct are not shown to be outside the trial court's discretion and do not establish a violation of the confrontation clause of the Sixth Amendment or the protection of counsel under that amendment and do not constitute a violation of the due process clause of the Fourteenth Amendment.

Accordingly, it is now

ORDERED that the application for writ of habeas corpus is denied and this civil action is dismissed.

DATED: April 23rd, 2014

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge